IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STERLING COMPUTERS CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-406-RP |
| MICROSOFT CORPORATION, | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Defendant Microsoft Corporation's ("Microsoft") Motion to Dismiss First Amended Complaint. (Dkt. 29). Plaintiff Sterling Computers Corporation ("Sterling") filed a response, (Dkt. 31), to which Microsoft replied. (Dkt. 35). Having considered the parties' submissions, the record, and the applicable law, the Court will deny Microsoft's motion.

**I. BACKGROUND**

Sterling owns U.S. Patent No. 8,073,911 ("the '911 patent"), entitled "Enforcing Compliance Policies in a Messaging System." (Dkt. 28, at 2). Sterling alleges "the claims of the '911 Patent are directed to solving technological problems specifically in the realm of computers and more particularly in the area of electronic messaging." (*Id.*). Sterling's amended complaint explains that with traditional electronic messaging, when messages are forwarded, the entire string of e-mails is stored as one continuous text string. (*Id.* at 2–3). This demands large uses of computer storage. (*Id.*). Further, compliance policies must be uniformly applied to the string of messages, rather than tailored to each individual message. (*Id.*). Sterling alleges the '911 patent's claims solve these problems with "a technological improvement involving a unique relational architecture that improves the functioning of electronic messaging systems, allowing the application of a rule-based governance engine and system-wide access rights policy." (*Id.* at 4). "The solution includes: 'a

1

messaging module adapted to control a message database storing messages sent among users of the messaging system, at least one of the sent messages stored in the message database'; submessages – 'at least one of the sent submessages being one of a reply to and a forward of other sent submessages of the sent message'; and 'a message container containing relational references pointing to a plurality of sent submessages stored externally to the message container in the message database.'" (*Id.*). The "invention allow[s] each submessage to be stored only once" and "allow[s] enforcement of compliance policies, such as retention policies and access rights policies." (*Id.* at 5). Sterling alleges that prior to the '911 patent, "the innovative solution of the claims including relational architecture had never been applied to a messaging system before." (*Id.*).

Sterling brings patent infringement claims against Microsoft. Sterling alleges Microsoft infringes the '911 patent by making, using, offering for sale, and selling its electronic messaging system, Exchange. (Id. at 7). Exchange, according to Sterling, includes features of the '911 patent, such as relational references, a messages container, and a governance module, and serves overlapping functions, such as applying the same rule to more than one message or multiple rules to the same message. (*Id.*). Microsoft moves to dismiss Sterling's first amended complaint on the grounds that it fails to state a claim because the '911 patent is invalid for claiming patent-ineligible subject matter under 35 U.S.C. § 101. (Dkt. 29, at 1).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for

entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

Courts apply a two-part test to determine whether a patent is directed to eligible subject matter under 35 U.S.C. § 101. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217–221 (2014). First, a court must determine whether the claims at issue are "directed to a patent-ineligible

3

concept." *Id.* at 287. Laws of nature, natural phenomena, and abstract ideas are not patentable. *Id.* at 216. If the claims are directed to a patent-ineligible concept, a court must proceed to step two, to "examine the elements of the claim to determine whether it contains an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Id.* at 221 (quoting *Mayo Collaborative Servs. v. Prometheus Labs, Inc.*, 566 U.S. 66, 72 (2012)). An inventive concept is an element or combination of elements that is "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id.* at 217–18 (internal alterations omitted). Step two is satisfied "when the claim limitations 'involve more than performance of well-understood, routine, [and] conventional activities previously known to the industry.'" *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1367 (Fed. Cir. 2018) (citing *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014)).

In the context of § 101 eligibility, the Federal Circuit has held that the second part of *Alice*'s two-step inquiry should be assessed according to the clear and convincing evidence standard. *Berkheimer*, 881 F.3d at 1368 ("Any fact, such as [whether a claim element or combination is well-understood or routine], that is pertinent to the invalidity conclusion must be proven by clear and convincing evidence."). "In other words, to prevail on a Rule 12(b) motion to dismiss on the grounds of ineligible subject-matter, the movant needs to overcome both a factual deck stacked against it and a heightened burden of proof." *Slyce Acquisition Inc. v. Syte - Visual Conception Ltd.*, No. W-19-CV-00257-ADA, 2020 WL 278481, at *4 (W.D. Tex. Jan. 10, 2020). Whether a patent is directed to patent-ineligible subject matter may be resolved on a 12(b)(6) motion to dismiss, but only when "there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018).

4

In its motion to dismiss, Microsoft argues the '911 patent fails under step one of *Alice* because claims 1 and 10 are directed to an abstract idea. (Dkt. 29, at 8). Microsoft frames the claims as directed to "the abstract idea of tracking related communications (e.g., emails) and applying rules based on information about those communications." (*Id.*). Microsoft further argues Sterling's patent fails under step two of *Alice* because the claims fail to recite an inventive concept. (*Id.* at 13). In response, Sterling offers four reasons the claims are not directed to an abstract concept: 1) the claims are directed to specific improvements in the functioning and operation of the computer; 2) the focus of the claimed advance is on a solution to a problem specifically arising in the realm of computer networks or computers; 3) the claims require a specific means or method, rather than just a result or effect; and 4) the claims involve steps and architecture that differ from those previously employed in any manual process. (Dkt. 31, at 9–12). Sterling then argues that even if the claims are directed to an abstract concept, it prevails under step 2 of *Alice* because the claims recite an inventive concept: "a technology-based solution to storing messages and applying compliance policies to messages in electronic messaging systems, using unique architecture to overcome problems with 'current' electronic messaging." (*Id.* at 17–20). But first, Sterling urges the Court that deciding eligibility at this stage is premature. (*Id.* at 5).

The Court agrees with Sterling and finds it prudent to defer the question of patent eligibility. Several factors favor delaying the Court's § 101 analysis: 1) claim construction is soon to commence; 2) fact discovery has not begun; and 3) the difficulty of applying the *Alice* test factors. *See Slyce Acquisition*, 2020 WL 278481, at *5–8 (considering the same factors and concluding "delaying the determination of a patents § 101 eligibility is the wisest course of action"); *see also AML IP, LLC v. J. C. Penney Corp. Inc.*, No. 6:21-CV-00522-ADA, 2022 WL 10757631, at *7 (W.D. Tex. Oct. 18, 2022) ("This Court typically reserves its ruling on patent eligibility for a later stage of litigation.").

First, the claim construction process is set to begin this month. (*See* Dkt. 39, at 3). As the Federal Circuit has noted, "it will ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter." *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273–74 (Fed. Cir. 2012). Determining the meaning and scope of the '911 patent's claims will give the Court a more informed view of what the claims are directed to, especially considering "in [] cases involving computer-related claims, there may be close calls about how to characterize what the claims are directed to." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1339 (Fed. Cir. 2016). Microsoft and Sterling compete to frame what the '911 patent's claims are directed to. Microsoft frames the claims broadly as "the abstract idea of tracking related communications (e.g., emails) and applying rules based on information about those communications," (Dkt. 29, at 8), in contrast to Sterling's narrower framing that the claims are directed to "solving technological problems specifically in the realm of computers and more particularly in the area of electronic messaging," (Dkt. 28, at 2). Because the § 101 analysis turns at least in part on the characterization of what the claims are directed to, the Court finds it desirable to delay this determination until claim construction provides a fuller understanding of the claimed subject matter.

Second, because the parties dispute not only the claims as an abstract idea, but also the claims presenting an inventive concept under step two of *Alice*, fact discovery could assist the Court's analysis. Discovery could inform whether the '911 patent's claims perform well-understood, routine, and conventional activities that are previously known to electronic messaging or rather involve more to elevate it to an inventive concept. *See Slyce Acquisition*, 2020 WL 278481, at *6. Because Microsoft must provide clear and convincing evidence that the claims do not provide an

6

inventive concept, the Court finds conducting this analysis before the commencement of fact discovery is premature in this case. *See id.*

Lastly, when conducting the *Alice* analysis, the "lack of predictability and consistency is widely known," especially when declaring subject matter patent-ineligible on grounds of the claims being directed to an abstract idea. *Id.* at 6–7. Rather than risk adding to these inconsistencies by ruling now on the issue of patent eligibility, the Court finds it will benefit from spending more time with the patent's claims during claim construction and discovery, and the parties will benefit from the Court making a more informed decision. Therefore, the Court denies Microsoft's motion to dismiss at this time, but will permit Microsoft to refile on grounds of patent-ineligible subject matter after claim construction is complete and fact discovery has opened.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Microsoft's motion to dismiss, (Dkt. 29), is **DENIED.** Microsoft may refile its motion to dismiss, if it so chooses, after the issuance of the Court's claim construction order and once fact discovery is open.

**SIGNED** on February 12, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE